# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT MARTINEZ BRIBIESCA,<br><br>        Plaintiff,<br><br>    v.<br><br>DERMOT GIVENS,<br><br>        Defendant. | CASE NO. 1:08-cv-01558-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER SECTION 1983<br><br>(Doc. 1) |

**Screening Order**

**I.     Screening Requirement**

Plaintiff Albert Martinez Bribiesca ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on September 24, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

## II. Summary of Plaintiff's Claim

Plaintiff alleges that Defendant Dermot Givens, an attorney who was appointed to represent him at a hearing before the Board of Parole Hearings, behaved unethically and denied him constitutional representation. Specifically, Plaintiff alleges that during his July 2, 2008, parole hearing, Defendant Givens falsely represented to the Board that Plaintiff did not want to attend the hearing, that he would not be prepared the next hearing for another two years, and that he required time to secure his parole plans. Plaintiff alleges that he did want to attend his hearing, that he had agreed only to a one year postponement, and that he had suitable parole plans in place. Plaintiff seeks damages from Defendant for the violation of his rights.

Under section 1983, Plaintiff is required to show that Defendant (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To the extent that Plaintiff is attempting to state a federal claim for denial of due process based on ineffective assistance of counsel by Defendant, Plaintiff has no federal right to counsel at his parole hearing. See Greenholtz v. Inmates of the Penal and Correctional Complex, 442 U.S. 1, 16 (1979) (due process is satisfied if an opportunity to be heard is provided and the inmate is given notice of the reasons for denial of parole); see also Leque v. Brown, No. C 05-2618 MJJ (PR), 2007 WL 4219392, *2-3 (N.D.Cal. Nov. 28, 2007) (no habeas relief available based on appointed attorney's advice to postpone parole suitability hearing because no right to counsel in connection with the hearing). Plaintiff's allegations that Defendant misrepresented his interests and acted

///

unethically are suggestive of an attempt to state a malpractice claim under state law, which is not redressable under section 1983.[1]

### III. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted against Defendant under section 1983. Because the deficiency is not amenable to being cured through amendment, Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987), this action is HEREBY ORDERED DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   February 12, 2009            /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has also not established that Defendant was acting under color of law. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") However, because Plaintiff has not identified a federal right at stake, the Court does not address whether or not Defendant was a state actor.